UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michael De Angelis

   v.                                      Civil No. 04-cv-456-SM

Hillsborough County Department
of Corrections, Superintendent et al.

**ORDER**

Plaintiff Michael De Angelis is a pretrial detainee at the Hillsborough County Department of Corrections ("HCDOC"). His complaint in this action was filed on November 29, 2004 alleging, among other things, excessive use of force and denial of adequate medical care. On October 25, 2005, the court received an "Emergency Letter of Help" from the Plaintiff dated October 21, 2005. He made the following allegations in his letter:

> I was severely beaten by staff @ 6:18 a.m. on [10/21/05]. I am marked up pretty bad and have blood in my urine. They are not giving me any adequate medical attention for these injuries. I can barely walk, use the bathroom, eat etc. Please help me sir. One of the defendants (Sgt. Todd Gordon) was one of the one's who beat me along with other officers (3+). Please judge I have injuries (bleeding on the inside). They did searches and when they got to my cell they ripped me off the wall from behind and punched, kicked and slammed me causing me to pass out more than once. I need to get into the court so I can show you my injuries.

See Doc. No. 57 (emphasis in original).  The court treated Plaintiff's letter as a motion for an emergency preliminary injunction.  Chief Judge McAuliffe referred Plaintiff's motion to me to conduct all proceedings and enter a final order.

An evidentiary hearing was scheduled to determine two issues: (1) whether HCDOC corrections officers used excessive force against Plaintiff during a cell search on October 21, 2005; and (2) whether the Plaintiff has received adequate medical treatment for injuries that resulted from the incident.  The Court directed the Defendants to bring any video of the alleged event and any medical records relating to the alleged injuries to the hearing.

At the hearing held on November 7 and 14, 2005, the Court heard testimony from the Plaintiff, Captain David Dionne, Sergeant Todd Gordon and Nurse Denise Hartley who is HCDOC's Health Services Supervisor and Keeper of Medical Records.  In addition, the Defendants displayed video from the common areas of the Plaintiff's housing unit from October 21 through October 29, 2005, and introduced documentary evidence.

<u>Findings of Fact</u>

For the purposes of deciding the instant motion for a

preliminary injunction only, the Court makes the following findings of fact:

1.  HCDOC corrections officers are trained to use the minimum amount of physical force necessary to make an inmate comply if the inmate does not comply with an officer's verbal commands.

2.  HCDOC corrections officers are trained to use "palm and heel strikes," "knee strikes" and the "arm bar" as part of their efforts to subdue inmates who do not comply with verbal commands.

3.  HCDOC corrections officers are trained to avoid hitting inmates in the head or in their vital organs when officers are using physical force to subdue an inmate.

4.  Plaintiff sustained a substantial bruise on the right side of his body near his kidney following an incident with corrections officers that occurred during a search of Plaintiff's cell on October 21, 2005.

5.  Plaintiff's bruise, then approximately the size of a baseball, was still visible on November 7, 2005, the first day of the evidentiary hearing.

6.  Plaintiff's bruise was consistent with the Defendants' evidence that Officer Kowalski used knee strikes to subdue the

Plaintiff because he failed to comply with corrections officers' commands while Plaintiff was on the floor of his cell.

7. There is no evidence that the strike near Plaintiff's kidney was intentional.

8. Video displayed during the hearing contradicted Plaintiff's allegation that he was only examined by a nurse for about one minute after the incident; Nurse Perkins was in the safety cell with Plaintiff examining him for more than five minutes after the incident.

9. The evidence showed that Plaintiff was seen frequently by members of the HCDOC medical staff after the incident.

10. The medical staff prescribed ice packs and over-the-counter pain medication to treat Plaintiff's injuries.

11. Video displayed during the hearing contradicted Plaintiff's allegations that he could barely walk, and that he could not extend his right arm up or out without extreme pain for several days after the October 21, 2005 incident.

12. The results of X-rays taken a week after the October 21, 2005 incident were normal.

13 The HCDOC medical staff determined that urine samples that Plaintiff provided after voiding in his cell on October 27,

2005 and November 2, 2005 had blood in them.

14.  As of November 14, 2005, Plaintiff had not provided the medical staff a urine sample in a controlled environment, despite multiple requests, in order to definitively determine whether Plaintiff has any serious kidney problem.

## Conclusions of Law

A district court may grant a plaintiff's request for a preliminary injunction if the plaintiff satisfies a four-part test: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff will suffer irreparable harm if the injunction is not granted; (3) the injury to the plaintiff outweighs any harm which granting the injunction would inflict on the defendant; and (4) the public interest will not be adversely affected by the granting of the injunction.  See Langlois v. Abington Hous. Auth., 207 F.3d 43, 47 (1st Cir. 2000).  A party seeking injunctive relief must independently satisfy each of the four factors.  See Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981).  The Court next considers whether Plaintiff is entitled to injunctive relief in light of the applicable law.

The Due Process Clause of the Fourteenth Amendment to the

United States Constitution protects a pretrial detainee from use of excessive force that amounts to punishment.  See Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-539 (1979)).  To state a claim based upon the use of excessive force, a plaintiff must demonstrate an "unnecessary and wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312, 319-20 (1986).  In this instance, the evidence showed that corrections officers used physical force to subdue Plaintiff because he made a quick move with his elbow towards Officer Williams, and then, after he was brought down to the floor, Plaintiff ignored the officers' commands to stop moving.  Therefore, the Court does not find that the use of physical force was unnecessary.  While the Plaintiff was struck by an officer dangerously close to his kidney, there is no evidence that the location of the officer's strike was intentional.  Therefore, the Court does not find that the force applied here was malicious.  Accordingly, the Court finds that the Plaintiff has not met his burden to demonstrate that corrections officers used excessive force against him on October 21, 2005.

The Court next considers whether Plaintiff has demonstrated that he has been denied adequate medical care for the injuries he

sustained in the October 21, 2005 incident.  In order to prove a viable claim for inadequate medical care, Plaintiff must demonstrate that he has a serious medical need, and that the defendants have been deliberately indifferent to that need.  See Sires v. Berman, 834 F.2d 9, 12 (1st Cir. 1987).

The evidence presented during the hearing showed that the medical attention that Plaintiff received after the October 21, 2005 incident has been frequent and regular.  Although the Plaintiff complains that Advil, Tylenol and Motrin have not provided him any relief for his pain, there is no evidence that Plaintiff suffered any serious physical injuries as a result of the October 21, 2005 incident.  The medical staff found that Plaintiff's cuts were superficial and the results of X-rays were negative.  To the extent that Plaintiff fears that he is experiencing internal bleeding, he has refused to provide a urine sample under controlled conditions, or to allow the medical staff to use a catheter to obtain a urine sample, which would be used in a definitive test.  Plaintiff has not demonstrated that there has been any damage to his kidney.

The Court finds that Plaintiff has neither shown that the Defendants have been deliberately indifferent to his complaints,

nor that he has any serious medical needs resulting from the October 21, 2005 incident.  Therefore, the Court further finds that Plaintiff is unlikely to succeed on the merits of his denial of adequate medical care claim.

Since the Plaintiff has not demonstrated that he is likely to succeed on the merits of either his excessive force or denial of adequate medical care claims, the Court need not address the remaining preliminary injunction factors.  See Auburn News Co., 659 F.2d at 277 (a party seeking injunctive relief must independently satisfy each of the four preliminary injunction factors).  Plaintiff's request for a preliminary injunction (document no. 57) is denied.

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: November 15, 2005

cc:  Michael De Angelis, pro se
     John A. Curran, Esq.
     Carolyn M. Kirby, Esq.